Peck, J.
delivered the opinion of the court.
The certificate of the clerk and seal of the court are evidence of the proceedings of such court. The courts of justice are presumed to know the officers of government, and especially the clerks of courts. I do not' deem it indispensable, that a clerk should sign his name to a certificate. If the certificate commence, as in the present instance, with the name of the clerk, “I, James Hicks, clerk of,” &c. it isa descriptio personen, perhaps sufficient, when accompanied by the seal of the court; but this certificate is.certainly not in form. By section 68, of the act of 1794, a full and perfect copy of the record shall be made up and attested by the clerk. The certificate ought to show the duty required by the act to have been performed. To certify that thfe papers are copied from the record on file, is ‘not certifying that the same is a full and perfect transcript of the proceedings in a cer *445 tain cause. But these parties have elected to consider i . - . . . ^ - the cause m the circuit court. By agreement they hacl the right to have transferred the cause into that court, and upon such agreement to have gone into the trial; and a trial being had upon a matter of which the circuit court had jurisdiction, would conclude the parties; and the court would not go back so far as to examine for an original process, to bring a party into court. These proceedings, therefore, would be sufficient, so far as it regards the original parties: Against the defendant, the verdict and judgment would be binding; and so far, such a judgment ought to be affirmed. But can it be affirmed against the security for what is called the appeal, supposed to be taken in this case? I am of opinion it cannot. Consent oí parties could not, of itself, make the security liable; he must be reached by following the acts of assembly strictly. The proceedings giving a judgment against the security, are summary, and do not, in my opinion, justify a latitude of construction to reach him. Whatever evil arises from this, must be imputed to him on whom the evil falls. If the appeal had not been taken up in time, the plaintiff below had a right to bring up a perfect transcript of the record, and move for an affirmance. Had he . then treated the transcript as a nullity, it would have brought out the question now made, whether any transcript had been certified up; or would have produced the foundation for a more perfect copy, or an amendment of the copy .sent up. With these things the security had nothing to do; and as he must be reached by strict law, I am of opinion he cannot be reached on this record. To render him liable, the bond which he has subscribed should be regularly certified up, not brought up by consent amongst others.
Judgment reversed, and this court, giving such judgment as the circuit court should, render the same against the plaintiff in error.
Judgment reversed.